**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| IN RE: | : | Case No. 22-50561 |
| | : | |
| MOUNTAIN MOVING LLC | : | Chapter 11 |
| | : | |
| | : | Judge Rebecca B. Connelly |

_____

**RULE 2016(b) STATEMENT**
_____

The undersigned, pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, state that:

1. The undersigned and other members of Hoover Penrod PLC are the attorneys for the debtor in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:

    a) For legal services rendered or to be rendered in contemplation of and in connection with this case on an hourly basis, with the total estimated to be between $20,000.00 and $25,000.00 including pre-petition services.

    b) Prior to the filing of this statement, debtor(s) have paid $11,000.00 for services, including bankruptcy filing fee to Hoover Penrod PLC. The firm holds $0.00 in its trust account from the initial retainer of $11,000.00.

    c) The unpaid balance due and payable is to be determined by the total amount allowed by the Bankruptcy Court.

3. All of the filing fee in this case has been paid.

4. The Services rendered or to be rendered are described in detail in the **attached** Legal Representation Agreement between Debtor and Proposed Counsel.

5. The source of payments made by the Debtor to the undersigned was the Debtor.

6. The source of payments to be made by the debtor to the undersigned for the unpaid balance remaining, if any, will be from any remaining funds held in retainer by Proposed Counsel. Upon depletion of the retainer, any Court approved fees applications for compensation and reimbursement shall be paid by the Debtor or as may be approved by the Court.

7. The undersigned has received no transfer, assignment or pledge of property from debtors except the following for the value stated: only prepetition funds noted above.

8. The undersigned has not shared or agreed to share any compensation paid or to be paid with any other entity, other than with members of Hoover Penrod PLC as to compensation of attorneys in the law firm who may provide services.

**Dated: December 16, 2022**            **Respectfully Submitted,**

**MOUNTAIN MOVING LLC**
**By Counsel**

By: /s/ Hannah W. Hutman
Hannah W. Hutman (VSB#79635)
*hhutman@hooverpenrod.com*
C. Andrew Bolt (VSB#81878)
*abolt@hooverpenrod.com*
HOOVER PENROD PLC
342 South Main Street
Harrisonburg, Virginia 22801
540/433-2444
540/433-3916 (Facsimile)
*Proposed Counsel for the Debtor/Movant*

# LEGAL REPRESENTATION AGREEMENT

THIS AGREEMENT entered into on the date below and effective as of October 13, 2022, Mountain Moving LLC (hereinafter collectively referred to as "Client"), on the one hand, and HOOVER PENROD PLC, of 342 South Main Street, Harrisonburg, VA 22801 (hereinafter referred to as "Counsel"), on the other hand.

## I. SCOPE OF ENGAGEMENT

A. <u>Matter Involved</u>. The Client has engaged the Counsel to undertake the legal representation of the Client in a matter (hereinafter referred to as the "Matter") involving a Chapter 11 bankruptcy of Client.

B. <u>Counsel Functions</u>. By the terms of this Agreement, the Counsel will perform the following legal services relative to the Matter:

1. Analyze the debt structure and asset position of the Client and make recommendations to management with respect to the necessity and feasibility of a Chapter 11 case. In the event a Chapter 11 is necessary, proceed with the following functions.

2. Prepare the necessary legal petition, statements, lists and schedules necessary to commence a Chapter 11 case for the Client, including all three Client entities.

3. Represent the Client with respect to the Matter during the Chapter 11 cases.

The Counsel will not perform legal services other than those specified above without consultation with and authorization from the Client. This engagement agreement replaces the any previous engagement agreements entered into between Counsel and Client.

C. <u>Client Functions</u>. The Client agrees to perform the following functions:

1. To pay the Counsel for the performance of such legal services, and to pay for all expenses incurred in connection therewith, but only as specified in Section II below. *Post-petition payment will be made only upon bankruptcy court (the "Court") order following proper application.*

2. To cooperate fully with the Counsel and to provide all information known by or available to the Client which may aid the Counsel in representing the Client in this Matter.

D. <u>Authorization and Decision-Making</u>. The Client authorizes and directs the Counsel to take all actions which the Counsel deems advisable on the Client's behalf in this Matter, except that the following specific decisions must be made by the Client: Counsel may make minor procedural decisions and trial decisions where consultation with Client is not feasible. Client to make all other decisions. *Client understands that as a debtor-in-possession it has duties to its creditors that are superior to the interests of its equity interest holder.*

The Counsel agrees to notify the Client promptly of all significant developments and if practicable to consult with the Client representatives as set forth in the prior paragraph in advance as to any significant decisions attendant to those developments.

1

## II. LEGAL FEES AND EXPENSES

A. <u>Method of Determining Fees</u>. The Client and the Counsel agree that the following method is to be used for determining the proper amount of the Counsel's legal fees: *Counsel has estimated the total legal fees for pre-petition work and the Chapter 11 process will be approximately $25,000.00, but this is merely an estimate. The Client understands that a number of aspects of the case that can greatly increase the services required are wholly outside the control of the Counsel. Counsel has been paid $11,000.00 (the "Initial Retainer") for legal services, a signification portion of which is expected to have been earned by the time the petition is filed and paid to Counsel prior to the filing of the petitions. The balance of the Initial Retainer, if any, shall remain in Counsel's trust account pending approval by the Bankruptcy Court of payment for post-petition services. Charges prepetition and post-petition are based on the Counsel's normal hourly rates as of the time of preparation of this Agreement.* Post-petition services will be billed at the normal rates of attorneys and non-attorney staff of Counsel. Primary services will be rendered by Hannah W. Hutman whose current rate is $345.00/hour and C. Andrew Bolt whose current rate is $300.00/hour. Other attorneys of Counsel charge the $345.00 or lessor hourly rates. Current paralegal rates are $100.00. Secretarial time is not charged. Counsel's hourly rates are subject to annual year-end increase, with an increase anticipated as of January 1, 2023. *See below regarding payment of fees and expenses.*

B. <u>Other Fees, Charges, and Expenses</u>.

1. The Client authorizes the Counsel to retain and agrees to pay the fees or charges of every other person or entity hired by Counsel to perform necessary services related to the Matter. Such other persons and entities may include, but are not limited to, court reporters, appraisers, real estate agents, escrow agents, accountants, investigators, expert witnesses, trust officers, stock brokers, title examiners, surveyors, and other attorneys hired for ancillary matters in other localities. The Client authorizes the Counsel, in its discretion, to direct such other persons and companies to render statements for services rendered and expenses advanced either directly to the Client or to the Counsel, in which latter event the Client agrees to allow reimbursement to the Counsel for the full amount of such statements. Counsel shall consult with Client prior to incurring such expenses if practicable. Client shall be solely responsible for such expenses and shall pay such expenses promptly upon request of Counsel. *The Client understands that to the extent such other persons are "professional persons" under Bankruptcy law, their employment requires prior Court approval and payment to them is permitted from the Client's bankruptcy estate only upon Court order after proper application.*

2. The Client acknowledges that the Counsel may incur various expenses in providing services to the Client. The Client agrees to allow reimbursement to the Counsel for all out-of-pocket expenses paid by the Counsel. Such expenses include, but are not limited to, charges for serving and filing papers, courier or messenger services, recording and certifying documents, depositions, transcripts, investigations, witnesses, title insurance premiums, copying materials, overtime clerical assistance, travel expenses, postage and notarial attestations. In this Matter, expenses for copying and postage will be substantial. *Such expenses shall be detailed in the fee and expense applications filed by the Counsel for review by parties in interest and Court.*

C. <u>Schedule of Billing and Payments</u>. The Client and the Counsel agree to the following arrangement of billing and payments for fees and expenses: *Statements will be rendered monthly. The Counsel may file fee and expense applications as permitted under bankruptcy law and procedure. Upon approval of any fee and expense applications by the Court, Counsel shall deduct the total approved amount from the remaining balance in the Initial Retainer. Upon depletion of the Initial Retainer, any Court approved fee and expense applications shall be paid by the Client's ongoing business operations or such other payment arrangements as may be approved by the Court. The Court must approve this arrangement.*

D. <u>Information Provided in Statements</u>. The Counsel agrees to include in the statements sent to the Client a detailed identification of the services of the Counsel for which the Client is being charged and a specific identification of all other fees, charges, and expenses for which the Counsel seeks reimbursement.

2

## III. GENERAL MATTERS

    A. <u>Information to be Made Available to the Client</u>. The Counsel agrees to assert a diligent effort to assure that the Client is informed at all times as to the status of the matter and as to the courses of action which are being followed, or are being recommended, by the Counsel. The Counsel agrees to make reasonably available to the Client all written materials sent or received by the Counsel pertaining to the Matter. Copies of all such materials may be provided solely by email at Counsel's discretion. All of the Counsel's work product will be owned by the Counsel.

    B. <u>Conflicting Engagement</u>. The Counsel agrees not to accept, without prior approval from the Client, any engagement known by the Counsel to be in direct conflict with the interests of the Client in this matter. If, in the course of representing multiple clients, the Counsel determines in its sole discretion that such conflicts of interest make it impossible for the Counsel to discharge his obligations, the Counsel will notify all affected clients of such conflict and may withdraw from representing any one or more of the multiple clients to the extent such a withdrawal would be permitted or required by applicable provisions of the Virginia Rules of Professional Conduct. *Bankruptcy law imposes stricter limits on representing multiple clients than the Rules of Professional Conduct. Counsel does not represent any affiliate of the Client or individual owner of any affiliate with respect to the Matter.*

    C. <u>Termination of Representation</u>. The relationship established by this agreement is subject to termination only as follows:

    1. The Counsel reserves the right to withdraw from this matter (a) if the Client materially fails to honor this agreement, *(b) if the approval of representation by the Court do not timely occur,* (c) for any just reason as permitted or required hereunder or under the Virginia Rules of Professional Conduct or as permitted by the rules of courts of the State of Virginia, or (d) if Hannah W. Hutman becomes unable to practice law. Notification of withdrawal shall be made in writing to the Client.

    2. The Client reserves the right to terminate the representation for cause if the Counsel fails to honor this Agreement. Notification of the termination shall be made in writing to the Counsel. In the event of any such termination by the Client, the Counsel waives any further rights to compensation relative to the representation.

    3. The Client further reserves the right to terminate the representation without cause, and shall notify the Counsel in writing of any such termination. In the event of any such termination, the Client agrees to promptly pay the Counsel for all charges, and expenses incurred pursuant to Section II.B. of this agreement prior to the date of such termination.

    4. Upon termination of this representation for any reason, by either the Client or the Counsel, the Counsel agrees to cooperate with any successor counsel to accommodate a smooth transition of the representation.

    D. <u>Dispute Arbitration</u>. At the instance of either the Counsel or the Client, any disputes as to whether the Counsel or the Client has failed to honor this agreement or as to the amount of legal fees will be submitted to the Ethics Committee of the State Bar of Virginia or a panel designated by it for arbitration and prompt resolution, and both the Counsel and the Client agree to be bound by the results of such arbitration. Provided however, during the pendency of any bankruptcy proceeding any and all issues pertaining to legal fees shall be decided by the Bankruptcy Court and the Bankruptcy Court shall have exclusive jurisdiction over such matters.

    E. <u>Effort and Outcome</u>. The Counsel agrees to use best efforts in representing the Client in this matter; however, the Client acknowledges that the Counsel has given no assurances regarding the outcome of this matter.

F. <u>Commencement of Representation</u>. Representation commenced on the effective date of this Agreement.

G. <u>Retention of Files</u>. The Counsel agrees to assert a diligent effort, subject to Section III.C.4. hereof and casualties beyond the control of the Counsel, to retain and maintain all major and significant components of the files of the Counsel relative to this matter for a period of six years following the conclusion of this matter, and during such time to afford the Client reasonable access to such files. The Client understands that the Counsel does not regularly maintain paper files, but rather maintains digital files together with backup copies to a reasonable extent. The Client expressly consents to the destruction of all paper files except for original pleadings as required to be maintained under bankruptcy electronic filing requirements.

H. <u>Complete Integration, Binding Upon All Parties</u>. This Agreement contains the entire agreement between the Client and the Counsel regarding this matter and the fees, charges, and expenses to be paid relative thereto. This agreement shall not be modified except by written agreement signed by the Client and the Counsel. This agreement shall be binding upon the Client and the Counsel and their respective heirs, executors, legal representatives, and successors.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the date and year first above written.

HOOVER PENROD PLC

By: _____    Date signed: 12/16/2022
       Counsel


MOUNTAIN MOVING LLC

By: _____    Date signed: 12/16/2022
       Thomas Powell, Sole Member

Billing Address for Client: 800 Shenandoah Ave, Suite 280, Elkton, VA 22827

4